October 29, 1971

No. 71–41 Louis M. Riggins, PVT, U. S. Marine Corps v MAJ GEN L. E. Brown, Commanding General, 3rd Marine Aircraft Wing, Marine Corps Air Station, El Toro, California.

On consideration of the "Petition for Writ of Prohibition and/or Mandamus and/or Other Appropriated Extraordinary Relief", filed in the above-entitled action, it appearing that the issue of the completeness of proceedings conducted pursuant with Article 32, Uniform Code of Military Justice, 10 USC § 832, was raised by appropriate motion submitted to and acted upon by the military judge of the general court-martial to which the charges against petitioner were referred, and that the issue of trial counsel's possible disqualification resulting from his pre-trial activities was, or may appropriately be, similarly raised and acted upon by the military judge, and further preserved for review by appropriate requests for findings of fact and of law, and it further appearing that no extraordinary circumstances warranting invocation of the provisions of 28 USC § 1651(a) are presented, it is, by the Court, this 29th day of October 1971,

ORDERED:
That said Petition be, and the same is, hereby dismissed.

May 19, 1972

No. 72–18 Ronald W. McMiller, LCPL, U. S. Marine Corps v LT COL R. E. Hawes, USMC, Commanding Officer, Marine Wing Headquarters Squadron One, First Marine Aircraft Wing, FMF, Pacific, FPO San Francisco 96602; CAPT Richard D. Sullivan, JAGC, USMCR, Military Judge, Marine Wing Headquarters Squadron One, First Marine Aircraft Wing, FMF, Pacific, FPO San Francisco 96602 and CAPT William T. Enslen, JAGC, USMCR, Trial Counsel, Marine Wing Headquarters Squadron One, First Marine Aircraft Wing, FMF, Pacific, FPO San Francisco 96602.

On consideration of the Petition for Writ of Prohibition filed in the above-entitled action it appearing that all issues presented therein were urged before the military judge of the special court-martial to which the charges were referred, and are therefore preserved for review at each stage of appellate review required or permitted by the Uniform Code of Military Justice, should such review be necessary, it is, by the Court, this 19th day of May 1972,

ORDERED:
That said Petition be, and the same is hereby, dismissed.

May 24, 1972

No. 72–14 Jack Chaney Belcher, Jr., PRAN, U. S. Navy v CAPT Robert A. Sampson, USN, Commanding Officer, Naval Air Station, Corpus Christi, Texas; LCDR Robert M. Blackmon, JAGC, USNR, Military Judge; and LT Jim D. DeKoster, JAGC, USNR, Trial Counsel.

On consideration of the Petition for Writ of Prohibition filed in the above-entitled action, it appearing that the interlocutory ruling of the military judge upon which the Petition is based is fully recorded and subject to review at each stage of the appellate proceedings permitted or required by the Uniform Code of Military Justice, it is, by the Court, this 24th day of May 1972,

ORDERED:
That said Petition be, and the same is hereby, dismissed.